IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER BOYD CROCKETT,

    Petitioner,                   No. CIV S-09-3501 DAD P

    vs.

GEORGE A. NEOTTI,                ORDER AND

    Respondent.              FINDINGS & RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a judgment of conviction entered against him on April 8, 2005 in the Sacramento County Superior Court on charges of attempted robbery with use of a firearm. He seeks federal habeas relief on the grounds that his sentence violates his rights to due process and a jury trial, and his trial counsel rendered ineffective assistance. Upon careful consideration of the record and the applicable law, the undersigned will recommend that petitioner's application for habeas corpus relief be denied.

/////

/////

/////

/////

# BACKGROUND

In its unpublished memorandum and opinion affirming petitioner's judgment of conviction on appeal[1], the California Court of Appeal for the Third Appellate District provided the following factual summary:

> Defendant Christopher Boyd Crockett pled guilty to attempted robbery with personal use of a firearm in exchange for a stipulated prison sentence of 13 years and dismissal of another count. Defendant now contends his sentence violates the principles set forth in Cunningham v. California (2007) 549 U.S. 270 [166 L.Ed.2d 856]. We affirm.
>
> PROCEDURAL BACKGROUND
>
> It is not necessary to recite the facts of defendant's offense, as they are not pertinent to resolution of the issue on appeal.
>
> At the time of the plea agreement, it was stipulated that defendant would receive the upper term of three years for the attempted robbery and the upper term of 10 years for the firearm enhancement, for a total of 13 years in state prison.
>
> At the sentencing hearing, the prosecutor stated he had been mistaken about the applicable sentence triad for attempted robbery and believed the correct term was two years six months. The trial court accepted the prosecutor's representation and sentenced defendant to an aggregate term of 12 years 6 months, which included the upper term of 10 years for the firearm enhancement. The court noted that the stipulated resolution did not require a discussion of factors in aggravation, but it nevertheless, stated the factors on the record.
>
> Defendant appealed and the judgment was affirmed by this court in case No. C049893. His petition for review was denied and the remittitur issued on January 9, 2006.
>
> On March 26, 2007, defendant filed a petition for writ of habeas corpus with the trial court seeking relief from the upper term sentences pursuant to Cunningham. The trial court denied the petition but discovered that the two-year six-month sentence for attempted robbery was unauthorized. The trial court vacated the previously imposed unauthorized sentence and imposed the upper term of three years for attempted robbery, for an aggregate term of 13 years in state prison. The court stayed its order for 30 days to

---

[1] Notice of Lodging Documents on October 28, 2010 (Doc. No. 17), Appx. to "Petition for Review, California Supreme Court, 4/6/09" (hereinafter Opinion), at 1-3.

provide the parties with an opportunity to request a resentencing hearing.

Defendant moved for a resentencing hearing, which took place on September 12, 2007. At the resentencing hearing, the prosecutor acknowledged his previous error and noted that the plea agreement was for 13 years. Nevertheless, the prosecutor requested the court impose the middle term of two years for the attempted robbery, instead of the previously agreed-upon upper term. Defense counsel stated she had no objection to the proposal. The trial court imposed the middle term of two years for attempted robbery and the upper term of 10 years for the firearm enhancement for an aggregate term of 12 years in state prison.

## ANALYSIS

I. <u>Standards of Review Applicable to Habeas Corpus Claims</u>

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). A federal writ is not available for alleged error in the interpretation or application of state law. See <u>Wilson v. Corcoran</u>, 562 U.S.___, ___, 131 S. Ct. 13, 16 (2010); <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991); <u>Park v. California</u>, 202 F.3d 1146, 1149 (9th Cir. 2000).

Title 28 U.S.C. § 2254(d) sets forth the following standards for granting federal habeas corpus relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

For purposes of applying § 2254(d)(1), "clearly established federal law" consists of holdings of the United States Supreme Court at the time of the state court decision. <u>Stanley v.</u>

3

Cullen, 633 F.3d 852, 859 (9th Cir. 2011) (citing Williams v. Taylor, 529 U.S. 362, 405-06 (2000)).  Nonetheless, "circuit court precedent may be persuasive in determining what law is clearly established and whether a state court applied that law unreasonably."  Stanley, 633 F.3d at 859 (quoting Maxwell v. Roe, 606 F.3d 561, 567 (9th Cir. 2010).

A state court decision is "contrary to" clearly established federal law if it applies a rule contradicting a holding of the Supreme Court or reaches a result different from Supreme Court precedent on "materially indistinguishable" facts.  Price v. Vincent, 538 U.S. 634, 640 (2003).  Under the "unreasonable application" clause of § 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case.[2]  Lockyer v. Andrade, 538 U.S. 63, 75 (2003); Williams, 529 U.S. at 413; Chia v. Cambra, 360 F.3d 997, 1002 (9th Cir. 2004).  In this regard, a federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."  Williams, 529 U.S. at 412.  See also Schriro v. Landrigan, 550 U.S. 465, 473 (2007); Lockyer, 538 U.S. at 75 (it is "not enough that a federal habeas court, in its independent review of the legal question, is left with a 'firm conviction' that the state court was 'erroneous.'").  "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision."  Harrington v. Richter, 562 U.S.___, ___,131 S. Ct. 770, 786 (2011) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)).  Accordingly, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was

---

[2] Under § 2254(d)(2), a state court decision based on a factual determination is not to be overturned on factual grounds unless it is "objectively unreasonable in light of the evidence presented in the state court proceeding."  Stanley v. Cullen, 633 F.3d 852, 859 (9th Cir. 2011) (quoting Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004)).

an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington,131 S. Ct. at 786-87.

If the state court's decision does not meet the criteria set forth in § 2254(d), a reviewing court must conduct a de novo review of a habeas petitioner's claims. Delgadillo v. Woodford, 527 F.3d 919, 925 (9th Cir. 2008); see also Frantz v. Hazey, 533 F.3d 724, 735 (9th Cir. 2008) (en banc) ("[I]t is now clear both that we may not grant habeas relief simply because of § 2254(d)(1) error and that, if there is such error, we must decide the habeas petition by considering de novo the constitutional issues raised.").

The court looks to the last reasoned state court decision as the basis for the state court judgment. Stanley, 633 F.3d at 859; Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004). If the last reasoned state court decision adopts or substantially incorporates the reasoning from a previous state court decision, this court may consider both decisions to ascertain the reasoning of the last decision. Edwards v. Lamarque, 475 F.3d 1121, 1126 (9th Cir. 2007) (en banc). "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." Harrington, 131 S. Ct. at 784-85. This presumption may be overcome by a showing "there is reason to think some other explanation for the state court's decision is more likely." Id. at 785 (citing Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991)). Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, a federal habeas court independently reviews the record to determine whether habeas corpus relief is available under § 2254(d). Stanley, 633 F.3d at 860; Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003). "Independent review of the record is not de novo review of the constitutional issue, but rather, the only method by which we can determine whether a silent state court decision is objectively unreasonable." Himes, 336 F.3d at 853. Where no reasoned decision is available, the habeas petitioner still has the burden of

/////

5

"showing there was no reasonable basis for the state court to deny relief." Harrington, 131 S. Ct. at 784.

When it is clear, however, that a state court has not reached the merits of a petitioner's claim, the deferential standard set forth in 28 U.S.C. § 2254(d) does not apply and a federal habeas court must review the claim de novo. Stanley, 633 F.3d at 860; Reynoso v. Giurbino, 462 F.3d 1099, 1109 (9th Cir. 2006); Nulph v. Cook, 333 F.3d 1052, 1056 (9th Cir. 2003).

II. Petitioner's Claims

    A. Challenges to Petitioner's Sentence

In his first ground for relief, petitioner claims that his upper-term sentence of ten years on the firearm enhancement violates his Sixth Amendment right to a jury trial and his Fourteenth Amendment right to due process because it was based on facts that were neither admitted by him nor found true by a jury beyond a reasonable doubt. (Pet. at 5.)[3] Petitioner argues that his guilty plea did not constitute an admission to any fact underlying his conviction because he did not personally admit any fact and was not advised that by pleading guilty he was

/////
/////
/////
/////
/////
/////
/////
/////
/////

---

[3] Page number citations such as these are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

doing so. (Id. at 7.)[4] Petitioner also contends that his guilty plea did not constitute a waiver of his right to a jury trial "with respect to the factors in aggravation found true by the trial court." (Id.) He argues that the factors in aggravation stated by the trial judge at the time of sentencing were not supported by the facts of his crime and did not justify imposition of the upper term sentence. He also asserts that there is no evidence that a jury would have found these aggravating factors to be true beyond a reasonable doubt. (Id. at 11.) Petitioner summarizes his claims in this regard as follows:

> Under Cunningham and the cases it relied on a defendant has a right to a jury trial to determine by proof beyond a reasonable doubt the truth of aggravating factors that could increase a defendant's sentence from a middle term to an upper term. [Petitioner] waived his right to a jury trial to determine his guilt.

---

[4] At the hearing on petitioner's change of plea, held on March 4, 2005, the prosecutor set forth the factual basis for that plea, as follows:

> On April 12th, 2004 at the River Glen Apartments, located at 3271 Acevedo Drive in the County of Sacramento, Erin Brooks was the apartment manager at this complex.
>
> On April 12th, shortly after 9:00 in the morning, Ms. Brooks came to work, she opened the office and was in the office working when the defendant, Mr. Crockett, entered the office.
>
> He presented a handwritten note to Ms. Brooks. The note said: This is not a joke. One, close blinds. Two, don't say a word and you won't get hurt. I have a gun. Three, get on your knees and give me your wallet, car keys, and cell phone. Four, follow my instructions and I won't hurt you.
>
> Ms. Brooks asked him if this was some kind of joke. Mr. Crockett produced a handgun, Ms. Brooks tried to run. Mr. Crockett confronted her, held her, and during a struggle the gun discharged, leaving gunshot residue on Ms. Brooks' arm.
>
> She was able to get out of the office and call for help, and Mr. Crockett subsequently surrendered to police officers.
>
> There was no property taken.

(Clerk's Transcript on Appeal (one volume, 159 pages) (hereinafter CT1), at 94-95.) The trial judge secured a stipulation from petitioner's trial counsel that the factual basis for the plea provided by the prosecutor was accurate. (Id. at 95.)

7

> He at no time was informed he had a right to have a jury determine by proof beyond a reasonable doubt the truth of any factors that could increase his term from the middle term. There has been no knowing, intelligent, voluntary waiver of that portion of his right to a jury trial and there has been no admission of the aggravating factors. Cunningham and Blakely apply to any sentence with an upper term, whether a stipulated term or not.

(Id. at 8-9.)

The California Court of Appeal rejected petitioner's challenges to his sentence, reasoning as follows:

> Defendant contends that his upper term sentence on the firearm enhancement violated Cunningham.[5] Because defendant waived his right to a jury trial and agreed to the specific sentence imposed, the constitutionality of his upper term sentence under Cunningham cannot be challenged. Generally, where a defendant pleads guilty in return for a specified sentence, appellate courts will not find error even though the trial court acted in excess of jurisdiction in reaching that sentence as long as the court did not lack fundamental jurisdiction. (People v. Hester (2000) 22 Cal.4th 290, 295, 92 Cal. Rptr.2d 641, 992 P.2d 569.) Here, defendant agreed he would be sentenced to a stipulated term of 13 years in state prison, including the upper term of 10 years for the firearm enhancement. Initially, that was the sentence imposed, yet at resentencing, the trial court actually imposed only 12 years. His plea effectively admitted the existence of facts necessary to impose the upper term. Defendant forfeited his right to complain about the upper term as potentially invalid under Cunningham because he accepted a negotiated plea for a specified term that allowed him to avoid a potentially harsher sentence. (Hester, at p. 295, 92 Cal. Rptr.2d 641, 99 2 P.2d 569.)
>
> Additionally, defendant here was resentenced after the Legislature amended Penal Code section 1170 to remove the presumption of a middle term and provide the trial court with broad discretion to impose the lower, middle, or upper term by simply stating its reasons for imposing the selected term on the record. (Stats. 2007, ch. 3.) As a result of the amendment, the upper term, rather than the middle term, is now the statutory maximum that may be imposed without additional fact finding. (People v. Sandoval (2007) 41 Cal.4th 825, 850-851, 62 Cal. Rptr.3d 588, 161 P.3d 1146.) Since defendant was resentenced under the amended statute, Cunningham has no application.

---

[5] Cunningham found unconstitutional California's former determinate sentence law assigning the trial judge authority to find facts to expose a defendant to the upper term, rather than the then presumptive middle term.

(Opinion at 3-5.)

A criminal defendant is entitled to a trial by jury and to have every element necessary to sustain his conviction proven by the state beyond a reasonable doubt. U. S. Const. Amends. V, VI, XIV. In Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), the United States Supreme Court held that the Due Process Clause of the Fourteenth Amendment requires any fact other than a prior conviction that "increases the penalty for a crime beyond the prescribed statutory maximum" to be "submitted to a jury and proved beyond a reasonable doubt." In Blakely v. Washington, 542 U.S. 296, 303-04 (2004), the United States Supreme Court decided that a defendant in a criminal case is entitled to have a jury determine beyond a reasonable doubt any fact that increases the statutory maximum sentence, unless the fact was admitted by the defendant or was based on a prior conviction. In Blakely, the Supreme Court also clarified the definition of "statutory maximum" for purposes of this constitutional rule: "the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings." Id. In United States v. Booker, 543 U.S. 220 (2005), the United States Supreme Court applied Blakely to the Federal Sentencing Guidelines. The court in Booker again clarified that "'the statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." Id. at 232.

Subsequent to the decision in Blakely, the California Supreme Court decided People v. Black, 35 Cal.4th 1238 (2005). In Black, the court rejected the Apprendi/Blakely Sixth Amendment challenge to California's Determinate Sentencing Law (DSL) posed in that case. The California Supreme Court held that the discretion afforded to a sentencing judge in choosing a lower, middle or upper term in a DSL case rendered the upper term under California law the "statutory maximum" within the contemplation of Apprendi and Blakely. 35 Cal.4th at 1257-61, cert. granted and judgment vacated, 549 U.S. 1190 (2007). Subsequently, the United States Supreme Court decided Cunningham v. California, 549 U.S. 270 (2007). Citing the decisions in

9

Apprendi and Blakely, the Supreme Court in Cunningham held that California's DSL violated a defendant's right to a jury trial to the extent it permitted a trial court to impose an upper term based on facts found by the court rather than by a jury. The Supreme Court also determined that the middle term under the DSL is the maximum term that may be imposed on the basis of the jury's verdict alone. Id. at 288. The Ninth Circuit has subsequently held that the decision in Cunningham may be applied retroactively on collateral review. Butler v. Curry, 528 F.3d 624, 639 (9th Cir. 2008).

The California Legislature amended the DSL by urgency legislation in response to the Cunningham decision. People v. Sandoval. 41 Cal.4th 825, 836 n.2 (2007). Those amendments, which became effective March 30, 2007, adopted "Cunningham's suggestion that California could comply with the federal jury-trial constitutional guarantee while still retaining determinate sentencing, by allowing trial judges broad discretion in selecting a term within a statutory range, thereby eliminating the requirement of a judge-found factual finding to impose an upper term." People v. Wilson, 164 Cal. App.4th 988, 992 (2008). The amendments to California's DSL allow the trial court broad discretion under California Penal Code § 1170(b) to select among the lower, middle, and upper terms specified by the statute without stating the ultimate facts deemed to be aggravating or mitigating and without weighing the aggravated and mitigating factors. Sandoval, 41 Cal.4th at 847.[6] Thus, as of March 30, 2007, in California the "trial court is free to base an upper term sentence upon any aggravating circumstance that the court deems significant, subject to specific prohibitions." Id. at 848. The trial court can constitutionally apply the amended version of the DSL to all sentences imposed after the

/////

---

[6] As amended, section 1170 now provides in pertinent part: "When a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the choice of the appropriate term shall rest within the sound discretion of the court . . . . The court shall select the term which, in the court's discretion, best serves the interests of justice. The court shall set forth on the record the reasons for imposing the term selected . . . ." California Penal Code § 1170, subd. (b).)

effective date of the amendments, even if the offense was committed prior to the effective date. Id. at 845-857.

Here, petitioner was re-sentenced on September 12, 2007, after the amendments to the DSL took effect. The trial court's imposition of the upper term on the weapon enhancement at that time without a jury finding of fact did not violate petitioner's Sixth Amendment rights as set forth in Cunningham. Under the amendments to California's DSL, "imposition of the lower, middle, or upper term is now discretionary and does not depend on the finding of any aggravating factors." Butler, 528 F.3d at 652 n.20. See also Booker, 543 U.S. at 233 ("For when a trial judge exercises his discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant.") Therefore, the decision of the California Court of Appeal in this case rejecting petitioner's challenges to his sentence on this same ground is not contrary to, or an unreasonable application of the relevant federal law cited above and should not be set aside. See 28 U.S.C. § 2254(d); Harrington, 131 S. Ct. at 786-87.

The court also concludes that petitioner waived any challenge to his sentence by stipulating to the thirteen year sentence as part of his plea agreement. As explained above, petitioner entered into a negotiated plea agreement in which he stipulated to a prison sentence of thirteen years. In taking petitioner's plea the trial judge explained to him that, as set forth in the plea agreement, he would be sentenced to 13 years in state prison. (CT1 at 96.) Petitioner stated that he understood this. (Id.) Petitioner also admitted that he personally used a firearm in the commission of the offense. (Id. at 103.) At both of petitioner's sentencing hearings, the judge accepted the terms bargained for by the parties and sentenced petitioner to a term of imprisonment that was actually lower than the one he bargained for. Under these circumstances, petitioner's Sixth Amendment right to a jury determination was not violated. Petitioner's upper term sentence was not based upon any factual findings made by the sentencing judge, but rather arose directly from his plea agreement.

Petitioner's argument that he did not admit any facts that would have justified the imposition of an upper term sentence is a red herring given the record in this case . Although the trial judge explained the aggravating factors which he believed would justify the agreed-upon sentence, this was unnecessary.  Once petitioner stipulated to a thirteen-year sentence, the sentencing judge had no obligation to independently justify his imposition of the upper term on the weapon enhancement.  The court was obliged only to impose judgment and a lawful sentence.  Kercheval v. United States, 274 U.S. 220, 223 (1927) (after a plea of guilty, "the court has nothing to do but give judgment and sentence").  As the United States Supreme Court has observed:

> A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence.  Accordingly, when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary.  If the answer is in the affirmative then the conviction and the plea, as a general rule, foreclose the collateral attack.

United States v. Broce, 488 U.S. 563, 569 (1989).  Thus, petitioner's agreement to a specific sentence as part of a negotiated plea bargain precludes his challenge to his sentence.  See Miller v. Adams, No. CV 08-3017-R (JTL), 2009 WL 1437831, at *6 (C.D. Cal. May 19, 2009) ("because petitioner agreed to the three-year sentence, the trial court had no duty to make independent findings justifying its imposition of the upper term, and simply accepted the terms negotiated under the plea agreement"); Allen v. Hubbard, No. CV-07-7818-R (SH), 2009 WL 33315, at *8 (C.D. Cal. Jan.6, 2009) (finding no Sixth Amendment violation where the petitioner's upper term sentence was not based on factual findings made by the trial court, but arose directly from a plea agreement, the court had no obligation to independently justify its imposition of the upper term because petitioner stipulated to his sentence, and the court simply accepted the terms bargained for by the parties); Tidwell v. Evans, No. CV 08-0437-RJH (MLG), 2008 WL 4195940, at *6 (C.D. Cal. Sept.4, 2008) (finding no Sixth Amendment violation where

the petitioner's upper term sentence arose directly from his plea agreement, the petitioner stipulated to his sentence, the sentencing court simply accepted the terms bargained for by the parties, and, thus, the petitioner "waived any argument that his sentence was imposed under statutory standards held to be unconstitutional by the Supreme Court.")[7]

Under the circumstances presented here, the state court's rejection of petitioner's Sixth Amendment claim was neither contrary to nor an unreasonable application of clearly established federal law. The decision of the California Court of Appeal that petitioner "forfeited his right to complain about the upper term as potentially invalid under Cunningham because he accepted a negotiated plea for a specified term that allowed him to avoid a potentially harsher sentence" (Opinion at 4), is not contrary to or an unreasonable application of federal law. Accordingly, petitioner is not entitled to federal habeas relief with respect to his Sixth Amendment and due process challenges to his sentence.

B. Ineffective Assistance of Counsel

Petitioner also claims that his trial counsel rendered ineffective assistance when he "failed to object to imposition of upper term and consecutive sentences on Blakely/Apprendi grounds." (Pet. at 12-13.) In his traverse, petitioner contends that his trial counsel improperly "agreed with the court and prosecutor" to sentence petitioner to the upper term for the firearm enhancement "without the court or prosecutor giving a reason." (Traverse at 17.) The California

---

[7] Federal courts have applied a similar rationale when a defendant bargains for and receives the specific sentence stipulated to pursuant to a plea bargain. See United States v. Pacheco-Navarette, 432 F.3d 967, 971 (9th Cir. 2005) (stipulated sentences were not rendered invalid by fact that the sentences exceeded the Sentencing Guidelines range, where sentences were imposed as part of plea agreements, they did not exceed statutory maximum, and court considered and was satisfied with the stipulated sentences before imposing them); see also United States v. Silva, 413 F.3d 1283, 1284 (10th Cir. 2005) (no Sixth Amendment Booker error in sentencing defendant to the specific sentence bargained for in plea agreement because "[h]aving voluntarily exposed himself to a specific punishment, Silva cannot now claim he was the victim of a mandatory sentencing system"); United States v. Sahlin, 399 F.3d 27, 32-33 (1st Cir. 2005) (holding that defendant's "claim that the judge should have found the predicate facts for the enhancement by proof beyond a reasonable doubt is foreclosed by the fact that he stipulated to the application of the enhancement in his plea agreement").

1  Court of Appeal declined to reach petitioner's claim of ineffective assistance of counsel,
2  reasoning that "[b]ecause imposition of the upper term was not unconstitutional, we need not
3  reach defendant's assertion that his trial counsel rendered ineffective assistance by failing to
4  object to the sentence on this ground." (Opinion at 5.)

5     The Sixth Amendment guarantees the effective assistance of counsel. The United
6  States Supreme Court set forth the test for demonstrating ineffective assistance of counsel in
7  <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). To support a claim of ineffective assistance of
8  counsel, a petitioner must first show that, considering all the circumstances, counsel's
9  performance fell below an objective standard of reasonableness. 466 U.S. at 687-88. After a
10 petitioner identifies the acts or omissions that are alleged not to have been the result of
11 reasonable professional judgment, the court must determine whether, in light of all the
12 circumstances, the identified acts or omissions were outside the wide range of professionally
13 competent assistance. <u>Id.</u> at 690; <u>Wiggins v. Smith</u>, 539 U.S. 510, 521 (2003).

14    Second, a petitioner must establish that he was prejudiced by counsel's deficient
15 performance. <u>Strickland</u>, 466 U.S. at 693-94. Prejudice is found where "there is a reasonable
16 probability that, but for counsel's unprofessional errors, the result of the proceeding would have
17 been different." <u>Id.</u> at 694. A reasonable probability is "a probability sufficient to undermine
18 confidence in the outcome." <u>Id.</u> <u>See</u> also <u>Williams</u>, 529 U.S. at 391-92; <u>Laboa v. Calderon</u>, 224
19 F.3d 972, 981 (9th Cir. 2000). In assessing an ineffective assistance of counsel claim "[t]here is
20 a strong presumption that counsel's performance falls within the 'wide range of professional
21 assistance.'" <u>Kimmelman v. Morrison</u>, 477 U.S. 365, 381 (1986) (quoting <u>Strickland</u>, 466 U.S.
22 at 689). There is in addition a strong presumption that counsel "exercised acceptable
23 professional judgment in all significant decisions made." <u>Hughes v. Borg</u>, 898 F.2d 695, 702
24 (9th Cir. 1990) (citing <u>Strickland</u>, 466 U.S. at 689).

25    As explained above, petitioner's sentence was not imposed in violation of the
26 Sixth Amendment. Accordingly, any objection by him on Sixth Amendment grounds to the

14

imposition of the upper term sentence on the weapon enhancement would have been unavailing. In addition, petitioner's trial counsel was not ineffective by failing to object to a sentence that had been agreed to by all parties, including petitioner, as part of a negotiated plea bargain. Accordingly, petitioner is not entitled to relief on his claim of ineffective assistance of trial counsel.[8]

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

IT IS ORDERED that the Clerk of the Court is directed to randomly assign a United States District judge to this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue

---

[8] In his traverse, petitioner states that he is also claiming his plea was not knowing, voluntary, and intelligent because he was not advised of all of the consequences of entering his guilty plea. Traverse at 12, 14. The record before the court does not support such a claim. (See CT1 at 92-103.) The trial court found, and the state court record reflects, that petitioner's plea was entered voluntarily and with a full understanding of the consequences thereof. Accordingly, petitioner is not entitled to federal habeas relief on any such claim. See Boykin v. Alabama, 395 U.S. 238, 242 (1969); Blackledge v. Allison, 431 U.S. 63 (1977); United States v. McWilliams, 730 F.2d 1218, 1223 (9th Cir. 1984). To the extent petitioner is arguing his plea was involuntary because he was not advised he had the right to a jury determination of factors which would justify the imposition of a sentence above the upper term, his claim also lacks merit. As explained above, under California law at the time petitioner was sentenced in 2007, he was not entitled to a jury determination of factors justifying the imposition of the upper term.

in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: June 2, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:8
crockett3501.hc